[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13292
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00317-WTH-PRL

JOSE RIVERA,

                                              Plaintiff-Appellant,

versus

RUBEN LEBRON, et al.

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 25, 2020)

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

    Jose Rivera, a federal prisoner, appeals the district court's grant of summary judgment to correctional officers Ruben LeBron, Todd Brasfield, and Adrian Billings. Proceeding *pro se*, Rivera brought an Eighth Amendment excessive force

claim against the officers. The district court, applying *Scott v. Harris*, 550 U.S. 372 (2007), rejected Rivera's version of his confrontation with the officers and granted the officers' summary judgment motion. On appeal, Rivera argues that the court misapplied *Scott* and, therefore, erred in not viewing the evidence in the light most favorable to him as the nonmoving party. We agree and reverse.

## I.

On March 3, 2012, Rivera attempted to dispose of contraband after a "suspicious greeting" with a visitor during his incarceration at U.S. Penitentiary Coleman I. This appeal concerns the events that followed. Because this case comes to us on appeal of a grant of summary judgment, we view the evidence in the light most favorable to Rivera and take the facts he alleged in his complaint and response as true. *See Sears v. Roberts*, 922 F.3d 1199, 1203 (11th Cir. 2019).

Upon observing Rivera's suspicious interaction, LeBron and Billings escorted Rivera out of the visitation area and into the inmate clothing room where Rivera walked to the toilet and attempted to flush several items. LeBron responded by triggering his body alarm, throwing Rivera to the ground, and, with the help of Billings, placing Rivera in handcuffs. LeBron was able to recover one balloon that Rivera was attempting to flush. While Rivera was lying face down on the ground in handcuffs, LeBron punched Rivera repeatedly in the face and forcefully planted his knee on Rivera's back. With Rivera still handcuffed, Billings kicked and stomped

Rivera's side. Responding to the alarm, Brasfield entered the room and used his fist and elbows to repeatedly strike Rivera in the head, back, and neck. An unidentified fourth officer then joined and helped to place Rivera in leg restraints and carry him out of the room "handcuffed and shackled like a pig about to be roasted."

The officers promptly escorted Rivera to the infirmary where medical staff treated his visible contusions, swollen right eye, swollen areas around his neck and back, and shoulder injuries. During the medical assessment, staff took pictures of his injuries, which depict swelling covering his right eye, visible contusions and bruising on his forehead and right side of his face, and bruising on the left side of his back around his ribs. Staff also photographed Brasfield's hand, showing injuries to his knuckles.

Within hours of the altercation, prison officials completed the investigation of Rivera's misconduct, obtained memoranda from the officers involved, and gave Rivera a copy of an incident report that LeBron wrote. Rivera was read his rights and said he had "no comment" about the incident but also stated "the staff were abusive to me." Testing of the recovered balloon showed that it contained tobacco, and the discipline committee charged Rivera with (1) disposal of an item during a search and (2) possession of non-hazardous contraband. The committee referred the charges to the Discipline Hearing Officer who conducted a hearing on March 7,

2012. The DHO determined that Rivera possessed non-hazardous contraband and imposed sanctions but dismissed the charge of disposal of an item during a search.

Rivera twice appealed the sanctions, both times stating that LeBron "severely hurt him" while Billings looked on, resulting in extensive swelling to his eye and ribs. He also argued that the officers exaggerated the amount of contraband he flushed down the toilet in an attempt "to cover the beating." In his second appeal, he added that a third officer "bruised and scuffed his knuckles" while participating in the assault.

## II.

Rivera filed *pro se* a civil rights complaint on June 26, 2015. He alleged that LeBron, Brasfield, Billings, and an unidentified fourth guard used excessive force against him, violating his Fourth, Eighth, and Fourteenth Amendment rights. He also brought claims against the United States of America and the warden at USP-I. Rivera later supplemented the complaint with several medical records in support of his allegation that the officers caused him serious, chronic injuries. Those records included a radiology report of his shoulder dated May 11, 2012, noting trauma and pain at the right shoulder and lumbar spine with abnormal findings and a separated shoulder; a radiology report of his c-spine dated September 18, 2013, noting posterior chronic neck pain and right side pain with abnormal findings and mild degenerative disc disease and degenerative joint disease; a MRI report of his lumbar

spine for chronic lower back pain dated September 20, 2013, noting a central and left paracentral disc bulge at L4-L5 causing foraminal narrowing with possible contact with the left L5 nerve root; neurosurgical clinic reports dated June 16, 2014, noting multilevel discogenic degenerative change in his lower back and a disc bulge at L4-L5 and L5-S1; a hospital record dated October 14, 2014, noting that he received an epidural injection for severe pain, recorded as a ten out of ten, in his back and left leg from an internal disc disruption at both L5-S1 and L4-L5; and a hospital record dated October 28, 2014, noting that he received a second epidural injection in his left L4-L5 for pain in his back and left leg.

  The district court dismissed the warden, unidentified guard, and United States. The remaining defendants then answered the complaint, denying any use of excessive force and claiming qualified immunity. They then filed a motion to dismiss, or alternatively, motion for summary judgment, attaching sworn memoranda and affidavits from the officers, an incident report, disciplinary hearing reports, Rivera's administrative remedy appeals, and a BOP health services clinical encounter report dated March 3, 2012. The officers' affidavits and other BOP materials state that force was used to subdue Rivera and prevent him from disposing of contraband. The health services report describes Rivera's injuries as minor. The district court granted summary judgment.

In its summary judgment order, the district court stated that "Rivera's claims in the Complaint are not consistent with his previous, evolving statements" and decided, therefore, that his version of the facts was "not credible," "neither plausible nor supported by the evidence or his prior statements," and "no reasonable jury could believe it." Relying on this Court's application of *Scott* in *Morton v. Kirkwood*, 707 F.3d 1276 (11th Cir. 2013), the district court disregarded Rivera's factual contentions as "blatantly contradicted by the record" and held that there was no genuine dispute of material fact regarding whether the officers were entitled to qualified immunity. It based that holding solely on the memoranda, affidavits, inmate investigative report, and clinical encounter report that the officers submitted with their motion for summary judgment and failed to address any of the medical records that Rivera provided. Accordingly, the district court granted summary judgment to all defendants. We now address Rivera's appeal of that order.

### III.

We review the district court's grant of summary judgment *de novo* and view the evidence in the light most favorable to Rivera as the nonmoving party. *See Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" "if it is a legal element of the claim under the

applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citations omitted). A dispute is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* (quotations omitted) (citation omitted).

## IV.

Rivera's claim that the officers' use of force violated the Eighth Amendment turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To determine whether an officer's use of force was legitimate, we consider (1) "the need for the application of force;" (2) "the relationship between the need and the amount of force that was used;" (3) "the extent of the injury inflicted upon the prisoner;" (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them;" and (5) "any efforts made to temper the severity of a forceful response." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (citations omitted).

Rivera contends that the district court erred by disregarding his factual contentions about these matters when granting summary judgment to the officers. Specifically, he argues that the district court overlooked evidence that (1) the officers continued to use force on Rivera *after* he was subdued and (2) his injuries were

inconsistent with the officers' testimony about the extent of force they used. We agree on both counts.

First, the district court should not have discredited Rivera's account of the confrontation as "blatantly contradicted" by the record. The officers relied on several exhibits to support their position that they used force on Rivera only to subdue him and prevent him from destroying contraband, including their own memoranda and affidavits, an inmate investigative report, and a BOP health services clinical encounter report describing Rivera's injuries. In response, Rivera relied on his verified complaint and supplemented medical records to support his position that the officers continued to use force on him after he was handcuffed and on the ground.

The district court reasoned that Rivera's account could be ignored under *Scott v. Harris*, 550 U.S. 372 (2007), because it was "blatantly contradicted" by the prison records and the officers' testimony. In *Scott*, the Supreme Court held that a nonmovant's testimony need not be credited when it is "blatantly contradicted" by video evidence that "so utterly discredit[s]" the nonmovant's version of events "that no reasonable jury could have believed him." 550 U.S. at 380. In an excessive force case very similar to this one, however, we have clarified that the "blatantly contradicted" exception from *Scott* does not apply to the type of evidence the officers provided in support of their motion for summary judgment. *Sears v. Roberts*, 922 F.3d 1199, 1208–09 (11th Cir. 2019). Specifically, we held that the "blatantly

8

contradicted by the record" exception does not apply to evidence that "consists mainly of various forms of [the officers'] own testimony." *Id.* Rather, evidence that merely "pit[s] the correctional officers' word against" an inmate's is distinct from the type of videotape evidence in *Scott* that "definitively established what happened and what did not." *Id. Accord Morton v. Kirkwood,* 707 F.3d 1276, 1284 (11th Cir. 2013); *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011); *United States v. Hughes*, 606 F.3d 311, 319–20 (6th Cir. 2010); *Blaylock v. City of Phila.*, 504 F.3d 405, 414 (3d Cir. 2007).

The officers argue that the district court properly disregarded Rivera's statements in his verified complaint "because his factual allegations in the complaint regarding the purported assault were inconsistent with his earlier assertions." As a general rule, that kind of credibility determination is not appropriate at the summary judgment stage. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (reversing the grant of summary judgment based on plaintiff's "self-serving" but "non-conclusory descriptions of specific, discrete facts . . . based on her first-hand personal knowledge").

Nonetheless, even assuming a court could, in an unusual circumstance, disregard a witness's testimony at summary judgment because of the witness's previous inconsistent statements in other contexts, the alleged inconsistencies in Rivera's current and previous statements do not rise to such a level. Rivera provided

sworn testimony through his verified complaint that describes LeBron throwing him to the ground and placing him in handcuffs before the officers began punching, kicking, and stomping on his head, neck, side, and back. Although it is true that Rivera provided more detail in his complaint than in the initial incident report or in his administrative appeals, he has consistently maintained that the officers were abusive. And even though he did not mention a third officer being involved in his earliest accounts, he never stated that LeBron and Billings were the *only* officers involved. Further, his earlier accounts do not mention when he was handcuffed in relation to the use of force; accordingly, they do not clearly contradict his current account that he was handcuffed and lying face down on the ground when the beating occurred. A finder of fact may view Rivera's testimony as not credible, but a court at summary judgment cannot.

Second, the district court did not consider Rivera's extensive medical records in the light most favorable to Rivera. The court concluded that it was undisputed that Rivera's injuries were minor because of the prison's clinical assessment report. But the district court did not address any of Rivera's supplemented medical records evidencing long-term injuries and chronic pain. For their part, the officers' brief does not respond to Rivera's arguments about this medical evidence.

Consistent with his account that the officers repeatedly punched him in the face, stomped on his rib cage, and struck his head, neck, and back, the clinical

assessment report includes photographs showing substantial swelling and bruising to Rivera's right eye, multiple contusions and visible bruising on his forehead and right side of his face, and bruising on the left rib area of his back. The report also notes that Rivera had multiple fractured teeth when examined immediately after the encounter. Further, Rivera's supplemented medical records describe chronic back and neck pain due to disc bulges and a separated right shoulder with torn ligaments. His hospital records reflect Rivera's continued need for medical treatment for injuries allegedly sustained during the beating, including two epidural injections for severe pain from an internal disk disruption in his lower back. Taking all reasonable inferences in Rivera's favor, this medical evidence creates a genuine dispute as to the amount of force used and the severity of Rivera's injuries.

## V.

Rivera presented sufficient evidence to create a genuine dispute of material fact regarding the need for the use of force, the amount of force used, and the extent of his injuries. Accordingly, we **REVERSE** the district court's grant of summary judgment and **REMAND** for further proceedings.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 25, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-13292-AA
Case Style: Jose Rivera v. Ruben LeBron, et al
District Court Docket No: 5:15-cv-00317-WTH-PRL

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion

| | |
|---|---|
| **From:** | ecf_help@ca11.uscourts.gov |
| **To:** | FLMD_EFILE_APPEALS |
| **Subject:** | 18-13292-AA Jose Rivera v. Ruben LeBron, et al "Opinion Issued On the Courts own Motion Opinion" (5:15-cv-00317-WTH-PRL) |
| **Date:** | Tuesday, August 25, 2020 10:07:04 AM |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 08/25/2020

**Case Name:** Jose Rivera v. Ruben LeBron, et al
**Case Number:** 18-13292
**Document(s):** Document(s)

**Docket Text:**
Opinion issued by court as to Appellant Jose Rivera. Decision: Reversed and Remanded. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions.

**Notice will be electronically mailed to:**

Clerk - Middle District of Florida, Clerk of Court
Peter J. Sholl
U.S. Attorney Service - Middle District of Florida

Donna Lee Elm (*daily summary*)

The following document(s) are associated with this transaction:
**Document Description:** Opinion Issued
**Original Filename:** 201813292.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=08/25/2020] [FileNumber=9171103-0]
[73cca3e87f6373190c7b2707b2e4377b0b448cd8adc797ffb47945d2e8b23990394fc6230d25068d08ecf45a5f3220389a6cfc4239314d0876ccc9fa62e4dccd]]

**Document Description:** OPIN-1 Notice to Counsel/Parties
**Original Filename:** /opt/ACECF/live/forms/JeffreyPatch_1813292_9171103_OPIN-1NtcofIssuanceofOpinion_300.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=08/25/2020] [FileNumber=9171103-1]
[03960150b3955f9e95495f36ee65652f187da31baafcd2666a3b65dbeb7a2660b8cff24a8a7d6e3881883ed5860a4a5ca450fb7beacc916d196d0d459b2c4106]]
**Recipients:**

- Clerk - Middle District of Florida, Clerk of Court
- Donna Lee Elm
- Peter J. Sholl
- U.S. Attorney Service - Middle District of Florida